UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
STEPHEN VINSON,

                      Plaintiff,

        - against -

WILLIAM TOBIN, MATTHEW SPANO and
MICHAEL DELANEY, All in Their Individual
Capacities and in Their Official Capacities,

                      Defendants
-----------------------------------------------------------------X

16CV6934

COMPLAINT AND
DEMAND FOR JURY TRIAL

ECF CASE

Plaintiff, by his attorneys, MICHELSTEIN & ASSOCIATES, PLLC, complaining of the defendants, alleges:

## NATURE OF THE ACTION

1. This is a civil rights action to redress the defendants' violation of the rights accorded to plaintiff Stephen Vinson by the Civil Rights Act of 1871, 42 U.S.C. §1983, and by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments.

2. Plaintiff Stephen Vinson is a citizen of the United States who, on December 22, 2013, was the victim of a robbery, was arrested by New York City police officers on misdemeanor criminal charges, was admitted to Lutheran Medical Center for treatment of serious gunshot wounds, and was denied arraignment until his release from the hospital on January 3, 2014 due to the failure of the defendants to deliver the documents necessary to schedule an arraignment to the clerk of the Criminal Court of the City of New York, County of Kings, as a result of which the plaintiff remained handcuffed to a hospital bed and shackled until his release from the hospital.

3. The defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), and 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of plaintiff Stephen Vinson's constitutional and civil rights.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Eastern District of New York, and defendants William Tobin and Matthew Spano can be found within the Eastern District of New York.

## PARTIES

6. Plaintiff Stephen Vinson is a citizen of the Untied States who resides in the County of Kings, City and State of New York.

7. Defendant William Tobin is a natural person who, at all times relevant herein, was employed by the Police Department of the City of New York as a police officer with the rank of Captain.

8. At all times relevant herein, defendant William Tobin was the commanding officer of the Brooklyn Borough Court Section of the New York City police department.

9. Defendant Matthew Spano is a natural person who, at all times relevant herein, was employed by the Police Department of the City of New York as a police officer with the rank of Lieutenant.

10. At all times relevant herein, defendant Matthew Spano was the Brooklyn Borough Court Section liaison for the New York City Police Department.

11. Defendant Michael Delaney is a natural person who, at all times relevant herein, was employed by the Police Department of the City of New York as a police officer with the rank of

Lieutenant.

12. At all times relevant herein, defendant Michael Delaney was a supervisor in the Brooklyn Borough Court Section of the New York City police department.

13. At all times relevant herein, the duties of defendants William Tobin, Matthew Spano and Michael Delaney included forwarding the documents necessary for the scheduling of an arraignment to the clerk of the Criminal Court of the City of New York, County of Kings.

## STATEMENT OF CLAIMS

14. Plaintiff incorporates by reference paragraphs 1 through 13 of this complaint as though the same were set forth fully herein.

15. On December 22, 2013, plaintiff Stephen Vinson was the victim of a robbery in which he sustained gunshot wounds to his chest and groin.

16. On December 22, 2013, New York City police officers arrested plaintiff Stephen Vinson at the scene where the robbery had occurred.

17. On December 22, 2013, after sustaining gunshot wounds to his body and being arrested by New York City police officers, plaintiff Stephen Vinson was transported to Lutheran Medical Center, where he was admitted for treatment of his wounds.

18. On December 22, 2013, the Brooklyn Borough Court Section received the Criminal Court Complaint signed by one of the police officers who had arrested the plaintiff.

19. On December 28, 2013, the Brooklyn Borough Court Section received the fingerprint records of plaintiff Stephen Vinson.

20. As of December 28, 2013, the Brooklyn Borough Court Section was in possession of all paperwork required for delivery to the clerk of the Criminal Court of the City of New York, County of Kings, to schedule an arraignment of plaintiff Stephen Vinson.

21. Defendants William Tobin, Matthew Spano and Michael Delaney failed to forward or to have an individual under their command forward the paperwork necessary to schedule an arraignment of plaintiff Stephen Vinson to the clerk of the Criminal Court of the City of New York on December 28, 2013.

22. Defendants William Tobin, Matthew Spano and Michael Delaney waited until plaintiff Stephen Vinson was released from Lutheran Medical Center to forward or to have an individual under their command forward the paperwork required to schedule an arraignment to the clerk of the Criminal Court of the City of New York, County of Kings.

23. As a result of the failure of defendants William Tobin, Matthew Spano and Michael Delaney to forward or to have an individual under their command forward the paperwork required to schedule an arraignment to the clerk of the Criminal Court of the City of New York, County of Kings before January 3, 2014, plaintiff Stephen Vinson was not arraigned before a judge of the Criminal Court during the period of time he was confined to Lutheran Medical Center.

24. Plaintiff Stephen Vinson remained in Lutheran Medical Center from December 22, 2013 until January 3, 2014.

25. During the time that plaintiff Stephen Vinson was a patient in Lutheran Medical Center, he remained handcuffed to a bed and shackled.

26. On January 3, 2014, plaintiff Stephen Vinson was discharged from Lutheran Medical Center.

27. On January 3, 2014, following the discharge of plaintiff Stephen Vinson from Lutheran Medical Center, the defendants caused the paperwork necessary to schedule an arraignment to the clerk of the Criminal Court of the City of New York, County of Kings.

28. On January 3, 2014, plaintiff Stephen Vinson was arraigned before a judge of the Criminal Court of the City of New York, County of Kings, and released in his own recognizance.

## COUNT
## DELAY IN ARRAIGNMENT UNDER 42 U.S.C. 1983

29. Plaintiff incorporates by reference paragraphs 1 through 28 of this Complaint as though the same were set forth fully herein.

30. Defendants William Tobin, Matthew Spano and Michael Delaney had a duty to forward the documents necessary to schedule an arraignment of plaintiff Stephen Vinson before a local criminal court for arraignment to the clerk of the court without unnecessary delay.

31. By failing to forward or to have a subordinate forward the documents necessary to schedule an arraignment to the clerk of the Criminal Court of the City of New York, County of Kings, defendants William Tobin, Matthew Spano and Michael Delaney deprived plaintiff Stephen Vinson of his right to a prompt arraignment.

32. As a result of the foregoing, plaintiff Stephen Vinson was unnecessarily imprisoned, handcuffed to a hospital bed and shackled for the remainder of his hospitalization at Lutheran Medical Center, and was subjected to physical discomfort and mental distress.

33. Plaintiff Stephen Vinson was aware of his extended imprisonment.

34. Plaintiff Stephen Vinson did not consent to his imprisonment.

35. Plaintiff Stephen Vinson's extended imprisonment while a patient at Lutheran Medical Center was a result of the failure of defendants William Tobin, Matthew Spano and Michael Delaney to forward or to have a subordinate forward the documents necessary to schedule an arraignment to the clerk of the Criminal Court of the City of New York, County of Kings on December 28, 2013, and every succeeding day until January 3, 2014.

36. The extended imprisonment of plaintiff Stephen Vinson without prompt arraignment deprived the plaintiff of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

37. The extended imprisonment of plaintiff Stephen Vinson without prompt arraignment deprived the plaintiff of his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

38. Defendants William Tobin, Matthew Spano and Michael Delaney were acting under color of state law when they withheld the documents necessary to schedule an arraignment from the clerk of the Criminal Court of the City of New York, County of Kings, thereby depriving plaintiff Stephen Vinson of his right to a prompt arraignment.

39. Defendants William Tobin, Matthew Spano and Michael Delaney deprived plaintiff Stephen Vinson of his rights to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by failing to forward or to cause a subordinate to forward the paperwork necessary to schedule an arraignment to the clerk of the Criminal Court of the City of New York, County of Kings on December 28, 2013, and each succeeding day until January 3, 2014.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff Stephen Vinson respectfully requests that this Court grant the following relief:

A. Award plaintiff Stephen Vinson compensatory damages to be determined by the jury at the time of trial;

B. Award plaintiff Stephen Vinson punitive damages to be determined by the jury at the time of trial;

C. Award plaintiff Stephen Vinson reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D. Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
December 15, 2016

MICHELSTEIN & ASSOCIATES, PLLC

By: _____S/_____
Richard A. Ashman (RA5389)
Attorneys for Plaintiff
485 Madison Avenue - Suite 1300
New York, New York 10022
malaw485@yahoo.com
(212) 588-0880