# EXHIBIT 9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

STEPHEN VINSON,

                                            Plaintiff,

-against-

THE CITY OF NEW YORK, VICTOR ENG, IGOR
BONDARENKO, and "JOHN DOE" # 1-3, in Their
Individual Capacities and in Their Official Capacities,

                                            Defendants.

-------------------------------------------------------------------- x

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS**

15 CV 1452 (ILR)(RER)

        Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, defendants City of New York, Victor Eng and Igor Bondarenko respond and object to Plaintiff's First Set of Interrogatories and First Request for Production of Documents and Things as follows:

## GENERAL STATEMENT AND GENERAL OBJECTIONS

        1.     By responding to any request, defendants do not concede the materiality of the subject to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2. Defendants object to this Interrogatory and Document Request to the extent that it demands documents and/or information which are protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.

3. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise. Defendants reserve the right to demand and obtain the return of any privileged documents it may produce and all copies thereof.

4. Defendants object in the entirety to any request for information or production from entities not represented by the Corporation Counsel of the City of New York or which seeks information or documents that are not within defendants' possession, custody or control.

5. Defendants further object in the entirety to the interrogatories and requests for production of documents to the extent that they seek the disclosure of confidential information, to the extent that they seek the disclosure of information that implicates the privacy and security interests of employees of the New York City Police Department ("NYPD") or other individuals, and to the extent that they seek the disclosure of personal information concerning members of the NYPD including, but not limited to, dates of birth, social security numbers, home addresses or telephone numbers and family information.

6. With respect to the request for the production of documents, defendants will provide, under separate cover, a privilege index, if appropriate.

7. Defendants will comply with its obligation to supplement pursuant to Federal Rules of Civil Procedure 26(e).

8. Defendants are continuing to search for information responsive to plaintiff's requests and therefore reserve the right to supplement their response to each request with additional information, if and when such information becomes available to defendants' counsel. Defendants also reserve the right to object to the future disclosure of any such information.

9. Defendants object to the extent that any of these interrogatories or document requests seek to impose obligations beyond those required by the Federal Rules of Civil Procedure and the local rules of this Court.

10. Defendants object to these interrogatories under Federal Rule of Civil Procedure 33(a)(1) to the extent that they exceed 25 in number, including all discrete subparts.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all persons (a) answering these interrogatories and (b) providing information in connection with the answering of these interrogatories.

### OBJECTION AND RESPONSE TO INTERROGATORY NO. 1:

Defendants object to this interrogatory on the grounds that it is vague and ambiguous. Notwithstanding and without waiving or in any way limiting these objections or the General Objections, defendant states that the individual answering these interrogatories is Assistant Corporation Counsel Deborah Mbabazi, Office of the Corporation Counsel, 100 Church Street, New York, NY 10007, based upon her investigation of the allegations in the complaint.

### INTERROGATORY NO. 2:

State the names, shield numbers, ranks or job titles, and present employment status of all police officers employed by the City of New York who guarded plaintiff Stephen Vinson at Lutheran Medical Center between December 22, 2013 and January 3, 2014, indicating the date and tour on which each officer guarded the plaintiff.

### OBJECTION AND RESPONSE TO INTERROGATORY NO. 2:

Defendants object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and there is a more practical method of obtaining the requested discovery. Notwithstanding and without waiving or in any way limiting these objections or the General Objections, the following police officers who guarded plaintiff Stephen Vinson at Lutheran Medical Center between December 22, 2013 and January 3, 2014, include Police Officers John Terrusa, Tax No. 952287 and Guynel Saintval, Tax No. 947698. Defendants will supplement this response should additional information be found.

**INTERROGATORY NO. 3:**

State the names, shield numbers, ranks or job titles, and present employment status of the patrol supervisor who responded to Lutheran Medical Center on the night of December 22-23, 2013 to evaluate the situation of plaintiff Stephen Vinson.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 3:**

Defendants object to this interrogatory on the grounds that it is vague, ambiguous and overbroad. Defendants will supplement this response should additional information be found.

**INTERROGATORY NO. 4:**

State the name, shield number, rank or job title, and present employment status of the Borough Court Section Supervisor for the borough of Brooklyn from December 22, 2013 to January 3, 2014.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 4:**

Defendants object to this interrogatory on the grounds that it is vague and ambiguous, overbroad, and to the extent that it is not relevant.

**INTERROGATORY NO. 5:**

State the precinct of hospitalization of plaintiff Stephen Vinson from December 22, 2013 to January 3, 2014.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 5:**

Defendants object to this interrogatory to the extent it calls for information that is not relevant. Notwithstanding and without waiving or in any way limiting these objections or the General Objections, upon information and belief, the precinct of hospitalization was the 72nd Precinct.

**INTERROGATORY NO. 6:**

State the name, shield number, rank or job titles, and present employment status of the desk officers of the precinct of hospitalization of plaintiff Stephen Vinson from December 22, 2013 to January 3, 2014.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 6:**

Defendants object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, there is a more practical method of obtaining the requested discovery, and to the extent that it is not relevant.

**INTERROGATORY NO. 7:**

State the precinct of detention of plaintiff Stephen Vinson from December 22, 2013 to January 3, 2014.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 7:**

Defendants object to this interrogatory on the grounds that it is vague and overbroad. Notwithstanding and without waiving or in any way limiting these objections or the General Objections, defendants state that plaintiff's arrest was processed in the 76th Precinct.

**INTERROGATORY NO. 6:[1]**

State the name, shield numbers, rank or job titles, and present employment status of the desk officers of the precinct of detention of plaintiff Stephen Vinson from December 22, 2013 to January 3, 2014.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 6:**

Defendants object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, there is a more practical method of obtaining the requested discovery, and to the

---

[1] Interrogatory No. 6 is repeated by plaintiff.

extent it is not relevant. Notwithstanding and without waiving or in any way limiting these objections or the General Objections, defendants state that the desk sergeant at PSA 1 at or near the time of plaintiff's arrest was Sgt. Zhenian Zhou, Tax # 943987.

## DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1:

The warrant or other legal process pursuant to which plaintiff Stephen Vinson was arrested on September 14, 2013. If no warrant existed, so state.

### OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 1:

Defendants state that, upon information and belief, there was no warrant.

### DOCUMENT REQUEST NO. 2:

A duplicate original color copy of the arrest photograph of plaintiff Stephen Vinson.

### OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO 2.

Defendants are not in possession of any document responsive to this request.

### DOCUMENT REQUEST NO. 3:

All Unusual Occurrence reports prepared in connection with the arrest of plaintiff Stephen Vinson and/or circumstances forming the basis of the charges for which he was arrested on December 22, 2013.

### OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 3:

Defendants object to this document request on the grounds that assumes facts not established. Notwithstanding and without waiving or in any way limiting these objections or the General Objections, defendants are not in possession of any documents responsive to this request.

### DOCUMENT REQUEST NO. 4:

All pages of the Command Log/Desk Blotter and the Prisoner Log of the 76th Precinct for December 22, 2013 to January 3, 2014 containing entries concerning plaintiff Stephen Vinson.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 4:**

Defendants refer plaintiff to the documents produced herein bearing Bates Stamp Nos. DEF 22.

**DOCUMENT REQUEST NO. 5:**

All communications between desk officers of the 76th Precinct and the borough court section supervisor for the Borough of Brooklyn concerning plaintiff Stephen Vinson between December 22, 2013 and January 3, 2014.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 5:**

Defendants object to this document request on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, and to the extent it calls for information that is not relevant. Notwithstanding and without waiving or in any way limiting these objections or the General Objections, defendants are not in possession of any documents responsive to this request.

**DOCUMENT REQUEST NO. 6:**

All communications between desk officers of the PSA1 Precinct and the borough court section supervisor for the Borough of Brooklyn concerning plaintiff Stephen Vinson between December 22, 2013 and January 3, 2014.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 6:**

Defendants object to this document request on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, and to the extent it calls for information that is not relevant. Notwithstanding and without waiving or in any way limiting these objections or the General Objections, defendants are not in possession of any documents responsive to this request.

**DOCUMENT REQUEST NO. 7:**

All communications between desk officers of the precinct of hospitalization of Stephen Vinson and the borough court section supervisor for the Borough of Brooklyn concerning plaintiff Stephen Vinson between December 22, 2013 and January 3, 2014.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

Defendants object to this document request on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, and to the extent it calls for information that is not relevant. Notwithstanding and without waiving or in any way limiting these objections or the General Objections, defendants are not in possession of any documents responsive to this request.

**DOCUMENT REQUEST NO. 8:**

All communications between desk officers of the precinct of detention of Stephen Vinson and the borough court supervisor for the Borough of Brooklyn concerning plaintiff Stephen Vinson between December 22, 2013 and January 3, 2014.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 8:**

Defendants object to this document request on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, and to the extent it calls for information that is not relevant. Notwithstanding and without waiving or in any way limiting these objections or the General Objections, defendants are not in possession of any documents responsive to this request.

**DOCUMENT REQUEST NO. 9:**

All memo book entries made by all police officers guarding plaintiff Stephen Vinson between December 22, 2013 and January 3, 2014.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 9:**

Defendants object to this document request on the grounds that it is overbroad, and to the extent it calls for information that is not relevant. Notwithstanding and without waiving or in any way limiting these objections or the General Objections, defendants state they will supplement this response should any responsive information be found.

**DOCUMENT REQUEST NO. 10:**

All communications between police officers guarding plaintiff Stephen Vinson in Lutheran Medical Center and the desk officer(s) of the precinct of arrest between December 22, 2013 and January 3, 2014.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 10:**

Defendants object to this document request on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, and to the extent it calls for information that is not relevant. Notwithstanding and without waiving or in any way limiting these objections or the General Objections, defendants are not in possession of any documents responsive to this request.

**DOCUMENT REQUEST NO. 11:**

All communication between police officers guarding plaintiff Stephen Vinson in the Lutheran Medical Center and the desk officer(s) of the precinct of hospitalization.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 11:**

Defendants object to this document request on the grounds that it is vague and ambiguous, overbroad, assumes facts not established, and to the extent it calls for information that is not relevant.

**DOCUMENT REQUEST NO. 12:**

All documents prepared by the staff members of the borough court section of the Borough of Brooklyn concerning Stephen Vinson between December 22, 2013 and January 3, 2014.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 12:**

Defendants object to this document request on the grounds that it is vague, ambiguous, overbroad, assumes facts not established and to the extent that it is not relevant. Notwithstanding and without waiving or in any way limiting these objections or the General Objections, defendants are not aware of any such documents.

**DOCUMENT REQUEST NO. 13:**

All photographs taken and video recordings made of the location of the arrest of plaintiff Stephen Vinson on December 22, 2013.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 13:**

Defendants object to this document request on the grounds that it is vague, ambiguous, overbroad and assumes facts not established. Notwithstanding and without waiving or in any way limiting these objections or the General Objections, defendants are not aware of any such documents.

**DOCUMENT REQUEST NO. 14:**

All 911 recordings on the night of December 22, 2013 concerning 414 Baltic Avenue, Brooklyn, New York and/or the incident in which the plaintiff was shot.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 14:**

Defendants object to this document request on the grounds that it is vague, ambiguous and overbroad. Notwithstanding and without waiving or in any way limiting the

General Objections, defendants state they will supplement this response should any responsive documents be located.

**DOCUMENT REQUEST NO. 15:**

All Sprint reports of 911 calls on the night of December 22, 2013 concerning 41 Baltic Avenue, Brooklyn, New York and/or the incident in which the plaintiff shot.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 15:**

Defendants object to this document request on the grounds that it is vague, ambiguous and overbroad. Notwithstanding and without waiving or in any way limiting the General Objections, defendants state they will supplement this response should any responsive documents be located.

**DOCUMENT REQUEST NO. 16:**

All audio communications between police personnel on the night of December 22, 2013, concerning 414 Baltic Avenue, Brooklyn, New York and /or the incident in which the plaintiff was shot.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 16:**

Defendants object to this document request on the grounds that it is vague, ambiguous and overbroad. Notwithstanding and without waiving or in any way limiting the General Objections, defendants will supplement this response should any responsive documents be located.

**DOCUMENT REQUEST NO. 17:**

All sprint reports of audio communications between police personnel on the night of December 22, 2013, concerning West 414 Baltic Avenue, Brooklyn, New York and/or the incident in which the plaintiff was shot.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 17:**

Defendants object to this document request on the grounds that it is vague, ambiguous and overbroad. Notwithstanding and without waiving or in any way limiting the General Objections, defendants state they will supplement this response should any responsive documents be located.

**DOCUMENT REQUEST NO. 18:**

All documents contained in the N.Y.P.D. Personnel File for defendant Victor Eng.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 18:**

Defendants object to this document request on the grounds that it is vague, ambiguous and overbroad. Defendants further object to this document request to the extent that it calls for the production of, documents containing medical information protected by HIPAA, documents containing information of a private and sensitive nature, and to the extent it implicates the privacy interests of non-parties. Notwithstanding, and without in any way waiving or limiting these objections and the General Objections, defendant City will produce, subject to the execution of a stipulation and protective order, personnel evaluations within five years of the incident, if any, for any named defendant officer.

**DOCUMENT REQUEST NO. 19:**

All documents concerning investigations by the Civilian Complaint Review Board of complaints about defendant Victor Eng involving misconduct as a police officer, including but not limited to false statements and dishonesty, including (1) all complaints; (2) interviews of and statements by persons making complaints, witnesses, defendant Victor Eng and other police officers; and (3) the dispositions of those complaints.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 19:**

Defendants object to this document request on the grounds that it assumes facts not established, is overbroad, not proportional to the needs of the case, and is not relevant. Defendants further object to this document request to the extent that it calls for production of documents containing information of a private and sensitive nature, and to the extent it implicates the privacy interests of non-parties. Notwithstanding, and without in any way waiving or limiting these objections and the General Objections, defendant City will produce, subject to the execution of a stipulation and protective order, unsubstantiated and substantiated allegations of a similar nature and false statement within five years of the incident, if any, for any named defendant officer.

**DOCUMENT REQUEST NO. 20:**

All documents concerning investigations of defendant Victor Eng by the Internal Affairs Bureau of the New York City Police Department for misconduct as a police officer, including but not limited to false statements and dishonesty, including (1) all complaints; (2) interviews of and statements by persons making complaints, witnesses, defendant Victor Eng and other police officers; and (3) the dispositions of those complaints.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 20:**

Defendants object to this document request on the grounds that it assumes facts not established, is overbroad, not proportional to the need of the case, and is not relevant. Defendants further object to this document request to the extent that it calls for production of documents containing information of a private and sensitive nature, and to the extent it implicates the privacy interests of non-parties. Notwithstanding, and without in any way waiving or limiting these objections and the General Objections, defendant City will produce, subject to the execution of a stipulation and protective order, unsubstantiated and substantiated

allegations of a similar nature and false statement within five years of the incident, if any, for any named defendant officer.

**DOCUMENT REQUEST NO. 21:**

All documents contained in the N.Y.P.D. Personnel File for defendant Igor Bondarenko.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 21:**

Defendants object to this document request on the grounds that it is vague, ambiguous and overbroad. Defendants further object to this document request to the extent that it calls for production of, documents containing medical information protected by HIPAA, documents containing information of a private and sensitive nature, and to the extent it implicates the privacy interests of non-parties. Notwithstanding, and without in any way waiving or limiting these objections and the General Objections, defendant City will produce, subject to the execution of a stipulation and protective order, personnel evaluations within five years of the incident, if any, for any named defendant officer.

**DOCUMENT REQUEST NO. 22:**

All documents concerning investigations by the Civilian Complaint Review Board of complaints about defendant Igor Bondarenko involving misconduct as a police officer, including but not limited to false statements and dishonesty, including (1) all complaints; (2) interviews of and statements by persons making complaints, witnesses, defendant Igor Bondarenko and other police officers; and (3) the dispositions of those complaints.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 22:**

Defendants object to this document request on the grounds that it assumes facts not established, is overbroad, not proportional to the needs of the case, and is not relevant. Defendants further object to this document request to the extent that it calls for production of

documents containing information of a private and sensitive nature, and to the extent it implicates the privacy interests of non-parties. Notwithstanding, and without in any way waiving or limiting these objections and the General Objections, defendant City will produce, subject to the execution of a stipulation and protective order, unsubstantiated and substantiated allegations of a similar nature and false statement within five years of the incident, if any, for any named defendant officer.

**DOCUMENT REQUEST NO. 23:**

All documents concerning investigations of defendant Igor Bondarendo by the Internal Affairs Bureau of the New York City Police Department for misconduct as a police officer, including but not limited to false statements and dishonesty, including (1) all complaints; (2) interviews of and statements by persons making complaints, witnesses, defendant Igor Bondarenko and other police officers; and (3) the dispositions of those complaints.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 23:**

Defendants object to this document request on the grounds that it assumes facts not established, is overbroad, not proportional to the needs of the case, and is not relevant. Defendants further object to this document request to the extent that it calls for production of documents containing information of a private and sensitive nature, and to the extent it implicates the privacy interests of non-parties. Notwithstanding, and without in any way waiving or limiting these objections and the General Objections, defendant City will produce, subject to the execution of a stipulation and protective order, unsubstantiated and substantiated allegations of a similar nature and false statement within five years of the incident, if any, for any named defendant officer.

Dated:    New York, New York
April 11, 2016

ZACHARY W. CARTER
Corporation Counsel of the
 City of New York
*Attorney for Defendants City of New York, Victor Eng and Igor Bondarenko*
100 Church Street,
New York, New York 10007
(212) 356-2404

By:    /s/
    Deborah L. Mbabazi
    *Assistant Corporation Counsel*

To:    **VIA E-MAIL and FIRST CLASS MAIL**
Eugene M. Bellin, Esq.
*Attorney for Plaintiff*
485 Madison Avenue, Suite 1300
New York, NY 10022
(212) 588-0880