# EXHIBIT 11



ZACHARY W. CARTER
*Corporation Counsel*

## THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

DEBORAH L. MBABAZI
*Assistant Corporation Counsel*
E-mail: dmbabazi@law.nyc.gov
Phone: (212) 356-2404
Fax: (212) 356-3509

August 18, 2016

**VIA FIRST CLASS MAIL and E-MAIL**
Eugene M. Bellin, Esq.
485 Madison Avenue, Suite 1300
New York, NY 10022

Re: <u>Stephen Vinson v. City of New York, et al.</u>, 13 CV 1452 (ILR)(RER)

Dear Mr. Bellin:

I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendants City of New York, Victor Eng and Igor Bondarenko in the above-referenced matter. In response to Plaintiff's Supplemental Demand for Discovery, please see City defendants' Responses and Objections to plaintiff's First Set of Interrogatories and First Request for Production of Documents previously disclosed on April 11, 206, and City defendants' Responses and Objections to Plaintiff's Supplemental Demand for Discovery below.

**REQUEST NO. 1:**

The identity of the patrol supervisor, if any, who responded to Lutheran Medical Center on December 22, 2013 with respect to the arrest of the plaintiff.

**OBJECTION AND RESPONSE TO REQUEST NO. 1:**

Defendants object to this request on the grounds that it is vague, ambiguous and overbroad. Notwithstanding and without waiving or in any way limiting these objections or the General Objections, defendants state that they are not aware of any information responsive to this request.

**REQUEST NO. 2:**

The identity of the Borough Court Section Supervisor for the Borough of Brooklyn [in] December 2013 and January 2014.

**OBJECTION AND RESPONSE TO REQUEST NO. 2:**

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad and to the extent it is not relevant. Notwithstanding and without waiving or in any way limiting these objections or the General Objections, defendants state that, upon information and belief, they are not aware of any such single individual since there may be more than one supervisor on any given tour. However, Lt. Matthew Spano was the Borough Court Section Liaison in December 2013 and January 2014.

**REQUEST NO. 3:**

The identities of the desk officers for the 72nd and 76th Precincts during the period plaintiff Stephen Vinson was in Lutheran Medical Center.

**OBJECTION AND RESPONSE TO REQUEST NO. 3:**

Defendants object to this request on the grounds that it is overbroad, there is a more practical method of obtaining the requested discovery, and to the extent it is not relevant. Notwithstanding and without waiving or in any way limiting these objections or the General Objections, defendants state that the desk sergeant at the 76th Precinct at or near the time of plaintiff's arrest was Lt. Roberto Rivera, Tax No. 904912 and Sgt. Elio Ponzo, Tax No. 944904.

**REQUEST NO. 4:**

All communications between the police officers who guarded plaintiff Stephen Vinson in Lutheran Medical Center and the desk officers of the 72nd and 76th Precincts.

**OBJECTION AND RESPONSE TO REQUEST NO. 4:**

Defendants object to this request on the grounds that it is vague, ambiguous and overbroad, assumes facts not established, and to the extent it is not relevant. Notwithstanding and without waiving or in any way limiting these objections or the General Objections, defendants are not aware of any such communications responsive to this request.

**REQUEST NO. 5:**

All documents relating to plaintiff Stephen Vinson prepared by the Brooklyn Borough Court Section.

**OBJECTION AND RESPONSE TO REQUEST NO. 5:**

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, and to the extent it is not relevant. Notwithstanding and without waiving or in any way limiting these objections or the General Objections, defendants refer plaintiff to the documents attached herein Bates Stamped Nos. 91-94.

**REQUEST NO. 6:**

Memo book entries of the police officers who guarded the plaintiff in Lutheran Hospital.

**OBJECTION AND RESPONSE TO REQUEST NO. 6:**

Defendants object to this request on the grounds that it is vague, ambiguous and overbroad. Notwithstanding and without waiving or in any way limiting these objections or the General Objections, defendants refer plaintiff to the documents previously exchanged in defendants' Initial Disclosures, Memo book entries for Police Officer Victor Eng bearing Bates Stamped Nos. 8-11, and Memo book entries for Police Officer Igor Bonderenko, bearing Bates Stamped Nos. 54-57. Further, as previously disclosed in defendants' Initial Disclosures, the following police officers who guarded plaintiff Stephen Vinson at Lutheran Medical Center

between December 22, 2013 and January 3, 2014, include Police Officers John Terrusa, Tax No. 952287, 76th Precinct, Guynel Saintval, Tax No. 947698, PSA1, and defendants further disclose herein, Police Officer Keith Cattonar, Tax No. 952561, 76th Precinct, Police Officers Patrick Sannon, Tax No. 949616, William Hernandez, Tax No. 946602, Frank Gambina, Tax No. 932683, Joshua Rios, Tax No. 946164, and Police Officers Schwartz, Perreira and Paban, PSA1. Defendants will supplement this response with their memo book entries should they be in existence.

**REQUEST NO. 7:**

911 recordings and Sprint reports regarding the robbery of the plaintiff and the responding police officers.

**OBJECTION AND RESPONSE TO REQUEST NO. 7:**

Defendants object to this request on the grounds that it is vague, ambiguous overbroad, and assumes facts no established. Notwithstanding and without waiving or in any way limiting these objections or the General Objections, defendants refer plaintiff 911 recordings and Sprint reports attached herein, bearing Bates Stamped Nos.

**REQUEST NO. 8:**

Recordings of audio communications between police personnel regarding the robbery and the arrest of the plaintiff and Sprint reports of those recordings.

**OBJECTION AND RESPONSE TO REQUEST NO. 8:**

Defendants object to this request on the grounds that it is vague and ambiguous, overbroad and assumes facts no established. Notwithstanding and without waiving or in any way limiting these objections or the General Objections, defendants are not aware of any such communications responsive to this request.

- 4 -

Dated:    New York, New York
             August 18, 2016

                                        Respectfully Submitted,

                                        /s/

                                        Deborah L. Mbabazi
                                        Assistant Corporation Counsel
                                        Special Federal Litigation Division