UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

STEPHEN VINSON,

                  Plaintiff,                             16CV6934(ILG)(RER)

            - against -

WILLIAM TOBIN, MATTHEW SPANO and
MICHAEL DELANEY, All in Their Individual
Capacities and in Their Official Capacities,

                  Defendants

-----------------------------------------------------------x

PLAINTIFF'S MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS PURSUANT TO F.R.C.P. RULE 12(b)(6)

MICHELSTEIN & ASSOCIATES, PLLC.
Attorneys for Plaintiff

Eugene M. Bellin

485 Madison Avenue - Suite 1600
New York, New York 10022
Tel. (212) 588-0880
Fax  (212) 588-0811

# TABLE OF CONTENTS

TABLE OF AUTHORITIES...................................................................................................ii

INTRODUCTION..............................................................................................................1

PRELIMINARY STATEMENT...........................................................................................1

STATEMENT OF FACTS....................................................................................................3

      1. The Circumstances Upon Which This Action is Based.......................................3

      2. The Circumstances Leading to the Institution of a
         Separate Action Against New Defendants........................................................6

ARGUMENT.....................................................................................................................9

Point I.        Standards for A Motion to Dismiss Pursuant to Rule 12(b)(4)..........................9

Point II        The Plaintiff Was Entitled to a Determination of Probable Cause By
               an Impartial Magistrate Promptly Following His Warrantless Arrest.......................10

Point III:       The Defendants Have Failed to Sustain Their Burden of Establishing
               That Extraordinary Circumstances Justified the Delay in the Plaintiff's
               Arraignment Between December 28 and January 3.....................................11

Point IV:      The Defendants Participated in the Violation of the Plaintiff's Fourth
               Amendment Right to a Prompt Judicial Determination of Probable Cause
               When They Decided to Withhold the Arraignment Paperwork from the
               Court Clerk.....................................................................................................14

Point V:       The Defendants Also Are Responsible for Their Grossly Negligent
               Supervision of Subordinates and Their Deliberate Indifference to the
               Rights of the Plaintiff.....................................................................................16

Point VI      The Defendants Are Not Entitled to Qualified Immunity Because the Rule
               Requiring Prompt Arraignment Was Clearly Established at the Time They
               Delayed Plaintiff Stephen Vinson's Arraignment.......................................17

Point VII      Plaintiff Stephen Vinson Properly Instituted a Separate Action Against
               New Defendants Sued for Their Separate Acts in Causing a Delay in the
               Plaintiff's Arraignment.................................................................................19

Conclusion........................................................................................................................20

**TABLE OF AUTHORITIES**                                    **Page**

<u>Cases</u>

*Allen v. City of New York*, 2007 WL 24796 at \*17 (S.D.N.Y. 2007)........................................17, 18

*Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994)...................................................................15

*Anderson v. Creighton*, 483 U.S. 635, 640 (1987)......................................................................18

*Anderson v. Recore*, 317 F.3d 194, 197 (2d Cir. 2003................................................................18

*ATSI Commn'cs, Inc. v. Shaar Fund, Ltd*, 493 F.3d 87, 98 (2d Cir.2007)..........................................9

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007) ...................................................................9

*Brim v. City of New York, 2015 WL 3533676* at \*3 (E.D.N.Y. 2015)...........................10, 12, 13, 18

*Burhans v. Lopez*, 24 F.Supp.3d 375, 381 (S.D.N.Y. 2014)..........................................................16

*Carrion v. Smith*, 537 F.Supp.2d 518, 528 (S.D.N.Y. 2008), vacated and remanded
549 F.3d 583 (2d Cir. 2008..........................................................................................................12

*Cerrone v. Brown,* 246 F.3d 194, 199 (2d Cir. 2001)...................................................................18

*Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).............................................................15, 16

*Conley v. Gibson*, 35 U.S. 41, 45-46 (1957)...............................................................................10

*Corley v. Shahid*, 89 F.Supp.3d 518, 521 (S.D.N.Y. 2015)..........................................................12

*County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991)...............................................10, 12, 18

*Curry v. Griffin*, 2012 WL 1379674 at \*1 (E.D.N.Y. 2012)..........................................................12

*Doe v. New York City Department of Social Services*, 649 F.2d 134 (2d Cir. 1981)......................14

*D'Olimpio v. Crisafi*, 718 F.Supp.2d 340, 347 (S.D.N.Y. 2010).....................................................14

*Fido's Fences, Inc. V. Radio Systems Corp.*, 99 F.Supp.2d 442, 454 (E.D.N.Y. 2014).................19

*Gerstein v. Pugh*, 420 U.S. 103, 112 (1975)..........................................................................10, 18

ii

*Gonzalez v. Hasty*, 651 F.3d 318, 321 (2d Cir. 2011)........................................................................9

*Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013)....................................................16

*Harlow v. Fitzgerald,* 457 U.S. 800, 815 (1982).............................................................................17

*Hernandez v. Phillips*, 2007 WL 2107472 at *2 (S.D.N.Y. 2007)....................................................12

*Iqbal v. Hasty,* 490 F.3d 143, 157-58 (2d Cir.2007).......................................................................10

*Jackson National Life Insurancev. Merill Lynch & Co.*, 32 F.3d 697, 699-700 (2d Cir. 1994)........9

*Middleton v. City of New York*, 2006 WL 1720400 at *1 (S.D.N.Y. 2006).....................11,12,13, 18

*Noga v. City of Schenectady Police Officers,* 169 F.Supp.2d 83, 88 (N.D.N.Y. 2001)....................15

*Northern Assurance Company of America v. Square D Company*, 201 F.3d 84
(2d Cir. 2000)...................................................................................................................................20

*People v. Norbert*, 18 Misc.3d 1107(A), 2007 WL 4571187 (Sup. Ct., Kings Co. 2007) ..............7

*People v. Penil*, 18 Misc.3d 355, 356 (Sup.Ct., Bronx Co. 2007)....................................................12

*People v. Pressley,* 12 Misc.3d 1165(A), 620 N.Y.S.2d 845, 2006 WL 1547651 at *1
(Sup. Ct., Kings Co. 2006)...............................................................................................................12

*Simons v. State of New York*, 472 F.Supp.2d 253, 266 (N.D.N.Y. 2007....................................16, 17

*The City of New York v. Fedex Ground Package System, Inc.*, 2016 WL 1532252
(S.D.N.Y. 2016)...............................................................................................................................20

*Thomas v. Calero*, 824 F. Supp.2d 488, 506 (S.D.N.Y. 2011)..............................................14-15, 16

*Walker v. City of New York*, 2014 WL 12652345 (E.D.N.Y. 2014)...............................................16

*Wood v. Strickland,* 420 U.S. 308, 322 (1975)................................................................................17

**Statutes**

F.R.C.P. Rule 12(b)(6)................................................................................................1,9

42 U.S.C. §1983....................................................................................1, 2, 3, 15, 16

N.Y. Criminal Procedure Law §1.20(9).............................................................11

N.Y. Criminal Procedure Law §140.20..............................................................11

## INTRODUCTION

Plaintiff Stephen Vinson submits this memorandum of law in opposition to the motion of defendants William Tobin, Matthew Spano and Michael Delaney to dismiss plaintiff's Complaint pursuant to F.R.C.P. Rule 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiff Stephen Vinson seeks damages in this action  pursuant to 42 U.S.C. §1983 for violation of his Fourth Amendment right to be secure in his person against unreasonable searches and seizures and his Fifth and Fourteenth Amendment right to due process of law based on his imprisonment for twelve days while hospitalized without a prompt review by an impartial magistrate following his warrantless arrest.  The victim of a robbery in which he was shot three times, the plaintiff was forced to remain handcuffed to a bed rail with his legs shackled without an arraignment. The defendants were supervisors in the Brooklyn Borough Court Section of the New York City Police Department whose duties included delivering the paperwork necessary to schedule an arraignment to the Brooklyn Criminal Court clerk to schedule the arraignment, but who withheld the plaintiff's paperwork for six days after it was ready, thereby delaying his arraignment on a minor charge.  The defendants' claim that they are not liable because the plaintiff has not alleged any specific affirmative step the defendants took to delay his arraignment is misguided.  It was their decision to withhold the paperwork which delayed the plaintiff's arraignment and violated his right to a prompt determination of probable cause by a magistrate.

The plaintiff had instituted an action against the police officers responsible for his arrest and prosecution, which is also presently pending before this Court.  The identities of these defendants as the supervisors responsible for forwarding paperwork to the Criminal Court clerk for scheduling

of an arraignment were not disclosed by counsel for the City of New York in that action until shortly before the close of discovery in that action and shortly before the expiration of the applicable Statute of Limitations.  Under the circumstances, the commencement of this action against defendants not named in the first action, on the basis of a different theory of responsibility, was not unreasonable. Defense counsel received immediate notice of the filing of this action on December 15, 2016, via a Notice of Related Case filed on ECF (Bellin Decl., Exh. 12) in the first action.

The court should note that the time and place of the plaintiff's arrest is not an issue.  First, the plaintiff agrees that he was arrested at Lutheran Medical Center – not at the location where he was the victim of a robbery.  The allegations in paragraph 16 and 17 of the Complaint were a drafting error on counsel's part, and counsel respectfully requests leave to file an amended Complaint correcting the error.  In any event, the error is not material in this action. Whether Mr. Vinson was arrested that day at the scene where he had been shot or at the hospital is not an issue in this lawsuit because the misconduct of the defendants in this lawsuit is based on events on and after December 28, 2013 – 6 days after the arrest.  The Court should also note that at no time prior to the filing of the current motion did defense counsel bring this error to my attention or request either clarification or correction.

Moreover, there is no basis for the defendants' claim that this action was instituted for the purpose of frustrating their motion for summary judgment in the first action.  At a conference before Magistrate Judge Ramon E. Reyes, Jr. on January 18 of this year, I informed both the Court and Ms. Mbabazi that the plaintiff plans to discontinue the claims under 42 U.S.C. §1983 for false imprisonment, unlawful seizure and denial of due process based on restriction of medical treatment, and municipal liability under *Monell v. Department of Social Services*. (This leaves only claims

2

under 42 U.S.C.§1983 for malicious prosecution and delay of arraignment, and common law malicious prosecution  against the defendants in the first action.)

## STATEMENT OF FACTS

### 1. The Circumstances Upon Which This Action is Based

On December 22, 2013, plaintiff Stephen Vinson was the victim of a robbery in which he sustained gunshot wounds to his chest and groin. (Plaintiff's Complaint[1], Mbabazi Decl., Exh. A, ¶15.)  He was removed by ambulance to Lutheran Medical Center.  (*Id.,* ¶17)  He was arrested without a warrant the same day by police officers Igor Bondarenko and Victor Eng, the individual defendants in the first action, on charges of Trespass and Criminal Possession of a Controlled Substance in the 7th Degree. (Complaint in case against Victor Eng and Igor Bondarenko, Mbabazi Decl., Exhibit B, ¶¶21 and 24.)  However, in the Criminal Court Complaint signed by police officer Bondarenko and delivered to the Brooklyn Borough Court Section later that day, Mr. Vinson was charged only with Criminal Possession of a Controlled Substance in the 7th Degree.[2]  (*Id.,* ¶32; Criminal Court Complaint, Bellin Decl., Exh. 3)   Mr. Vinson remained a prisoner in Lutheran Medical Center, handcuffed to the bed railing and shackled, until he was released from the hospital on January 3, 2014.  (Plaintiff's Complaint, Mbabazi Decl., Exh. A, ¶26.)  Nursing records from the Lutheran Medical Center hospital record (Bellin Decl., Exhibit 5) indicate that from December

---

[1] References to "Plaintiff's Complaint" are to the Complaint against defendants William Tobin, Matthew Spano and Michael Delaney, which is the subject of the cuurent motion, and is annexed to the declaration of Deborah Mbabazi as Exhibit A.

[2] The charge of Criminal Possession of a Controlled Substance in the Seventh Degree was based on the claim of police officer Victor Eng, a defendant in the first action, that he found a plastic bag of crack cocaine on the ground near where the plaintiff had been lying after Mr. Vinson had been removed from the scene – although other people had been in the area around Mr. Vinson.

3

24, 2013 on, Mr. Vinson was alert, oriented to person, place and time, and coherent. MD Daily Progress Notes from Lutheran Medical Center (Bellin Decl., Exh. 6) indicate that by December 28 Mr. Vinson was stable and by December 30 he was resting comfortably. Consequently as of December 28 Mr. Vinson was able to participate in a bedside hospital arraignment. On January 3, 2014, Mr. Vinson was taken from the hospital to Brooklyn Criminal Court, where he was arraigned on the misdemeanor charge and released in his own recognizance. (Plaintiff's Complaint, Mbabazi Decl., Exh. A, ¶¶27, 28.) On August 5, 2014, the charge against Mr. Vinson was dismissed on motion of the District Attorney. (Complaint in case against Victor Eng and 1gor Bondarenko, Mbabazi Decl., Exhibit B, ¶37.) One of Mr. Vinson's claims in the first action is that the delay of 12 days between his arrest and his arraignment deprived him of his Fourth Amendment right to a prompt determination of probable cause for his warrantless arrest by an impartial magistrate. (*Id.*, Count Two.)

The New York City Police Department maintains a procedure for securing the arraignment of persons arrested and hospitalized. (New York City Police Department Patrol Guide Procedure 210-05, Bellin Decl., Exh. 1) That procedure requires an employee identified as the"Borough Court Section Supervisor" to have the completed arrest paperwork delivered to the court clerk for docketing. (**Borough Court Section Supervisor Concerned**, New York City Police Department Patrol Guide, Procedure 210-05, Bellin Decl., Exh 1.) As of December 28, defendant William Tobin was the commanding officer of the Brooklyn Borough Court Section (Spano Dep.,Bellin Decl., Exh. 2, at 13:3-7; 21:11-13), defendant Matthew Spano was the "Borough Court Section Liaison", whose duties included cooperating with the District Attorney's office and the court to ensure that prisoners are brought before the judge for arraignment (Spano Dep.,Bellin Decl., Exh. 2, at 9:6-10:19,), and

4

defendant Michael Delaney was a lieutenant – and, the plaintiff contends, a supervisor – working in the Brooklyn Borough Court Section who made entries in the record that tracked the progress of the plaintiff's arrest. (Spano Dep., Bellin Decl., Exh. 2, at 33:6-35:20.)   The Criminal Court Complaint (Bellin Decl., Exh. 3) had been signed by police officer Igor Bondaranko on December 22, 2013 and received by the Brooklyn Borough Court Section the same day. (New York City Police Department On Line Arrest Processing (OLPA), Bellin Decl., Exh. 7, at p. 1 of 4.)  The first page of the plaintiff's fingerprint record (Bellin Decl., Exh. 4) reveals, in the lower right hand corner of the page, that the record was transmitted to the Brooklyn Borough Court Section on December 28, 2013.  Consequently, on December 28, 2013, the defendants in this action were in possession of all the paperwork necessary for transmission to the court clerk to schedule the arraignment of the plaintiff, and Mr. Vinson was alert, oriented to person, place and time, and coherent.  In other words, he was capable of understanding and participating in the arraignment proceedings.

Nevertheless, the defendants in this action withheld the "arraignment package" for six more days, until Mr. Vinson was released from the hospital on January 3, 2013 and brought to the courthouse, to deliver the paperwork to the court clerk.  (Complaint in this action, Mbabazi Decl., Exh. A, ¶¶26, 27.)  The defendants' conduct thus resulted in an unnecessary delay in Mr. Vinson's arraignment, requiring him to remain handcuffed to a bed rail with his legs shackled for six additional days. (Id., ¶¶24, 25.) The Borough Court Section records disclose that on December 29 and December 31, 2013, defendant Michael Delaney was aware of the plaintiff's situation, but he did not forward the arraignment package to the court clerk on either of those dates. (On Line Arrest Processing report, Bellin Decl., Exh. 7, p. 4 of 4.)  That record also discloses that the arraignment package was not delivered to the court clerk until after Mr. Vinson was released from the hospital

on January 3.  (*Id.*, p. 4 of 4.)

The plaintiff was not arraigned for twelve days because the defendants failed to do their job.

2. **The Circumstances Leading to the Institution of a Separate Action Against New Defendants**

When the first action was commenced, the plaintiff did not know the identities of any of the

personnel in the Brooklyn Borough Court Section.  During the course of discovery proceedings in

the first action, the plaintiff made diligent efforts to identify the individual referred to in Police

Department Patrol Guide Procedure 210-05 as the Borough Section Supervisor for Brooklyn during

the period Mr. Vinson was a prisoner in Lutheran Medical Center.  On February 28, 2016, the

plaintiff served Interrogatories in the first action requesting, *inter alia*, the name, shield number, rank

or job title, and present employment status of the Borough Court Section Supervisor for the borough

of Brooklyn from December 22, 2013 to January 3, 2014.  (Item 4 of Plaintiff's First Set of

Interrogatories to the Defendants, Bellin Decl., Exh. 8.)  In their response served almost two months

later, the defendants objected to this interrogatory and did not provide the information.  (Objection

and Response to Interrogatory No. 4, Defendants' Responses and Objections to Plaintiff's First Set

of Interrogatories and First Request for Production of Documents and Things, Bellin Decl., Exh. 9.)

Following unsuccessful attempts to resolve the discovery issues, on May 5, 2016, the plaintiff filed

a motion to compel disclosure (Plaintiff's Letter Motion to Compel Disclosure, Bellin Decl., Exh.

10)[3] on ECF.  In the motion, the plaintiff outlined specific information the plaintiff sought, including

the identity of the Brooklyn Borough Court Section Supervisor.  Following a conference before

Magistrate Judge Ramon E. Reyes, Jr., the defendants served supplemental responses (Defendants'

---

[3] Exhibits to the letter motion, which is item 18 on the court docket, have not been included.

Supplemental Responses, Bellin Decl., Exh. 11[4]) on August 18, 2016.  In those responses, the defendants in the first action continued to object to providing the information, but identified defendant Matthew Spano as the "Borough Court Section Liaison".  (Objection and Response to Request No. 2, , Defendants' Supplemental Responses, Bellin Decl., Exh. 11).  On November 17, 2016, the plaintiff conducted the deposition of Lt. Matthew Spano.  Lt. Spano testified  that his duties as Brooklyn Court Section Liaison are to coordinate with the Kings County District Attorney's office, the Office of Court Administration and the police department to ensure that the prisoner is brought before a judge for arraignment.  (Spano Dep., Bellin Decl., Exh. 2,  9:24-10:19.)

Defense counsel claims that defendant Spano testified that an Assistant District Attorney must obtain medical clearance from the hospital to schedule a hospital arraignment.  Plaintiff's counsel can find no such testimony in the transcript of Lt. Spano's deposition.  Nor does the decision in the case of *People v. Norbert*, 18 Misc.3d 1107(A), 2007 WL 4571187 (Sup. Ct., Kings Co. 2007), cited by the defendants, reflect a practice of the District Attorney's office.  That decision merely reflects one instance in which an assistant district attorney, concerned about whether it was necessary to present a case to a Grand Jury to avoid having a prisoner charged with a serious felony released, communicated with the hospital to determine whether the prisoner could be arraigned.

In fact, Lt. Spano testified that hospital arraignments are scheduled by the Office of Court Administration.  (Spano Dep. Bellin  Decl., Exh. 2 at 18:18 -19:9.)  In other words, the Borough Court Section supervisor has to notify the court clerk that a hospital arraignment is required.  Lt. Spano also testified that the Brooklyn Borough Court Section was supervised by its commanding officer, Captain William Tobin.  (Spano Dep., Bellin Decl., Exh. 2, 12:23- 13:7.)  Lt. Spano further

---

[4] The documents attached to the Supplemental Responses have not been included with the exhibit.

identified Lt. William Delaney as a supervisor working in the Brooklyn Borough Court Section in December, 2013 and January, 2014.  (Spano Dep., Bellin Decl., Exh. 2,  35:14 - 20.)  Defendant Delaney's direct involvement is illustrated by entries he made in the On Line Processing record for Stephen Vinson on December 29 and December 31, 2013.  (On Line Arrest Processing record, Bellin Decl., Exh. 7, at p. 4 of 4.)

Defendants' counsel asserts (p. 5 of the defendants' Memorandum of Law) that in the first action the defendants " ... produced many hundreds, if not thousands, of pages of documents ..." in that action.  In fact, the defendants produced exactly 150 pages of documents, 56 pages of which consisted of sprint reports of 911 calls and police communications on the day of the shooting.

Based on her arguments in support of the current motion, it is reasonable to conclude that defense counsel would have opposed a motion to amend the Complaint in the first action to add new defendants made at the end of November, 2016.  Allowing for a briefing schedule, by the time a motion to amend the Complaint in that action had been decided, the Statute of Limitations would have expired.   Consequently, the only available avenue for the plaintiff to assert his claims against defendants Tobin, Spano and Delaney was through a new action.

The plaintiff's claim in this action is simple: The plaintiff, arrested without a warrant, was entitled to be brought before an impartial magistrate promptly after his arrest.  In New York state court practice, the term "arraignment" refers to this first appearance before an impartial magistrate. The court clerk in the Brooklyn Criminal Court could not schedule a hospital arraignment until it received the arrest paperwork from the New York City Police Department's Brooklyn Borough Court Section.  The supervisors in the Brooklyn Borough Court Section were charged with the duty of forwarding the paperwork to the clerk of the Brooklyn Criminal Court.  No later than December

8

28, 2013, all paperwork necessary to conduct an arraignment was in the possession of the Brooklyn Borough Court Section and the plaintiff was in sufficient condition to participate in a bedside arraignment.   It was the responsibility of defendants William Tobin, Michael Spano and Matthew Delaney to deliver the paperwork to the clerk of the Brooklyn Criminal Court so that the arraignment of plaintiff Stephen Vinson could be conducted as promptly as possible.  Instead of delivering the necessary documents to the court clerk on December 28, the defendants withheld those documents until after plaintiff Stephen Vinson had been released from the hospital on January 3, 2014, thereby delaying his arraignment – and requiring him to remain handcuffed to a bed and shackled – for at least sex days.  This unreasonable delay of the plaintiff's arraignment deprived him of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

## ARGUMENT

**Point I.         Standards for A Motion to Dismiss Pursuant to Rule 12(b)(4)**

When considering a motion to dismiss pursuant to  Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, the Court must accept all factual allegations contained in the complaint as true, and must draw all reasonable inferences in favor of the plaintiff. *Gonzalez v. Hasty*, 651 F.3d 318, 321 (2d Cir. 2011);   *ATSI Commn'cs, Inc. v. Shaar Fund, Ltd,* 493 F.3d 87, 98 (2d Cir.2007); *Jackson National Life Insurancev. Merill Lynch & Co.*, 32 F.3d 697, 699-700 (2d Cir. 1994).  The plaintiff is not required to include "heightened fact pleading of specifics" to survive a Rule 12(b)(6) motion, "but only enough facts to state a claim to relief that is plausible on its face." (*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)  holding that the "[f]actual allegations" alleged "must be enough to raise a right to relief above the speculative level"). A plaintiff thus must

satisfy "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty,* 490 F.3d 143, 157-58 (2d Cir.2007). The Complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 35 U.S. 41, 45-46 (1957).

**Point II**  **The Plaintiff Was Entitled to a Determination of Probable Cause By an Impartial Magistrate Promptly Following His Warrantless Arrest.**

On December 22, 2013, plaintiff Stephen Vinson was arrested in the borough of Brooklyn by New York City police officers on misdemeanor charges without a warrant authorizing his arrest. (Complaint, Mbabazi Decl., Exh. A, ¶16.[5]) Hospitalized in Lutheran Medical Center due to gunshot wounds sustained when he was the victim of a robbery ( *Id.,* ¶15), he remained handcuffed to a bed and shackled for twelve days until he was released from the hospital on January 3, 2014 (*Id,* ¶¶25 &26) because he did not receive a judicial determination of probable cause for the arrest – i.e., an arraignment. (*Id.,* ¶35.)

The Fourth Amendment requires that when an individual is arrested without a warrant, he must be provided with a determination of probable cause by a neutral magistrate whenever possible. (*Gerstein v. Pugh,* 420 U.S. 103, 112 (1975); *County of Riverside v. McLaughlin,* 500 U.S. 44, 47 (1991)), and that determination must be made before or promptly after the arrest. (*Gerstein v. Pugh, sup.,* at 125, 126.) A delay in arraignment of more than 48 hours creates a presumption that this right has been violated. *County of Riverside v. McLaughlin,* 500 U.S. 44, 56 (1991); *Brim v. City of New*

---

[5] Plaintiff's counsel has acknowledged an error in the Complaint as to the sequence of events. The plaintiff was removed by ambulance to Lutheran Medical Center and arrested after arriving at the hospital.

*York*, 2015 WL 3433676 at *3 (E.D.N.Y. 2015); *Middleton v. City of New York*, 2006 WL 1720400 *9 (E.D.N.Y. 2006).

The probable cause determination in New York state criminal courts is the arraignment – in the cases of both misdemeanor and felony arrests. (New York Criminal Procedure Law §§1.20((9), 140.20.) Mr. Vinson was not provided with a probable cause determination – i.e., an arraignment – during the twelve (12) days he was hospitalized following his arrest. Consequently, his Fourth Amendment right to a prompt probable cause hearing was violated.

**Point III:    The Defendants Have Failed to Sustain Their Burden of Establishing That Extraordinary Circumstances Justified the Delay in the Plaintiff's Arraignment Between December 28 and January 3.**

The defendants assert that plaintiff Stephen Vinson's hospitalization in the intensive care unit following surgeries justified their decision to delay his arraignment until his release from the hospital. The facts indicate otherwise. Mr. Vinson's last surgery was performed on December 27, 2013. The claims against the defendants in this action are based on the denial of an arraignment between December 28, 2013 and January 3, 2014. The records from Lutheran Medical Center establish that on each day in that time period Mr. Vinson was awake, alert, oriented to person, place and time, and speaking coherently. (Lutheran Medical Center records, Bellin Decl., Exhs. 5 & 6.) He was thus capable of understanding and participating in a bedside hospital arraignment. And, as of December 30, he was no longer in the intensive care unit. The defendants have offered no evidence that Mr. Vinson could not have participated in a bedside hospital arraignment between December 28 and January 3.

When a probable cause determination – i.e., an arraignment – has not been conducted within 48 hours of the arrest, the burden is on the government to establish good cause for the failure to do

so. *County of Riverside v. McLaughlin*, 500 U.S. 44, 57 (1991); *Brim v. City of New York*, 2015 WL

3433676 at *3 (E.D.N.Y. 2015); *Middleton v, City of New York*, 2006 WL 1720400 *9 (E.D.N.Y.

2006). In *County of Riverside v. McLaughlin, supra*, the Supreme Court held (500 U.S. 44 at 57):

> Where an arrested individual does not receive a probable cause determination
> within 48 hours, the calculus changes. In such a case, the arrested individual does
> not bear the burden of proving an unreasonable delay. Rather, the burden shifts to
> the government to demonstrate the existence of a bona fide emergency or other
> extraordinary circumstance. * * *

Bedside hospital arraignments are common in New York in both federal and state practice.

The following cases illustrate that bedside hospital arraignments are routinely conducted. *Corley*

*v. Shahid*, 89 F.Supp.3d 518, 521 (S.D.N.Y. 2015); *Curry v. Griffin*, 2012 WL 1379674 at *1

(E.D.N.Y. 2012); *Carrion v. Smith*, 537 F.Supp.2d 518, 528 (S.D.N.Y. 2008), vacated and remanded

549 F.3d 583 (2d Cir. 2008); *Hernandez v. Phillips*, 2007 WL 2107472 at *2 (S.D.N.Y. 2007);

*Middleton v. City of New York*, 2006 WL 1720400 at *1 (S.D.N.Y. 2006); *People v. Penil*, 18

Misc.3d 355, 356 (Sup.Ct., Bronx Co. 2007); *People v. Pressley*, 12 Misc.3d 1165(A), 620 N.Y.S.2d

845, 2006 WL 1547651 at *1 (Sup. Ct., Kings Co. 2006). It was to facilitate bedside hospital

arraignments that the New York City Police Department adopted the procedure in Patrol Guide

Procedure 210.05. (Bellin Decl., Exh. 1.)

Mr. Vinson did not have to be capable of walking out of the room or even of getting out of

bed for an arraignment to take place. Nor would it have been necessary, as the defendants claim, to

remove tubes, wires and other devices from Mr. Vinson's body to move him out of a hospital room

or intensive care to conduct an arraignment. The procedure the defendants were supposed to pursue

was to accommodate a *bedside* hospital arraignment – something that would have occurred if they

had not withheld the arraignment paperwork. The very expression "bedside hospital arraignment"

12

suggests that an arraignment will be conducted while the prisoner is still confined to a bed.  Thus,

in *Brim v. City of New York*, *supra*, where the plaintiff underwent surgery and received pain killers

over the course of 17 days, but was not arraigned until after the hospital determined she was a "likely

discharge", the court, in denying the defendants' motion for summary judgment, held (2015 WL

3533676 at *3):

> In this case, the City claims that Plaintiff's medical condition justified the delay.  The
> City points to the fact that Plaintiff was on various narcotic medications while
> hospitalized and was only cleared for release on May 14, 2012, at which point the
> City arranged a bedside arraignment within 48 hours.  Plaintiff claims she was
> "ready, willing and able" to be arraigned the entire time.  This Court cannot say as
> a matter of law whether Plaintiff was medically incapacitated during any portion of
> those 17 days and therefore, summary judgment cannot be granted on this claim.

And, in *Middleton v. City of New York*, *supra*, the court held that a Complaint alleging that the

plaintiff was handcuffed to a hospital bed for five days before receiving a bedside arraignment was

sufficient because " * * * the burden is on the defendants to demonstrate what circumstances

required that plaintiff be handcuffed to the bed without an arraignment for that extended period.

* * * " 2006 WL 1720400 at *10.  Similarly, here, plaintiff Stephen Vinson has alleged an

unjustified delay in arraignment between December 28, 2013 and January 3, 2014.  Consequently,

Mr. Vinson's Complaint in this action adequately pleads an unwarranted delay in arraignment and

the motion to dismiss should be denied.

The foregoing makes it clear that the mere fact that Mr. Vinson was hospitalized is not an

excuse for the extensive delay in obtaining a judicial determination of probable cause.

Consequently, the defendants' decision to withhold the arraignment paperwork from December 28,

2013 until his release from the hospital on January 3, 2014 deprived plaintiff Stephen Vinson of his

Fourth Amendment right to a prompt judicial determination of probable cause.

13

**Point IV:**   **The Defendants Participated in the Violation of the Plaintiff's Fourth Amendment Right to a Prompt Judicial Determination of Probable Cause When They Decided to Withhold the Arraignment Paperwork from the Court Clerk.**

New York City Police Department Patrol Guide Procedure 210.05 (Bellin Decl., Exh. 1) imposes on the supervisor of the Borough Court Section the obligation to deliver the arraignment paperwork to the court clerk so that a bedside hospital arraignment can be scheduled.  In December 2013 and January 2014, defendant William Tobin was the commanding officer of the Brooklyn Borough Court Section (Spano Dep., Bellin Decl., Exh. 2, at 13:3-7, 21:11-13), defendant Matthew Spano was the Brooklyn Borough Court Section Liaison, whose duties included delivering arraignment paperwork to the court clerk (*Id.*, at 9:6 - 10:19), and defendant Michael Delaney was a supervisor who reviewed the plaintiff's status on at least two different dates (On Line Processing record, Bellin Decl., Exh. 7 at p. 4 of 4) but failed to forward the "arraignment package" to the court clerk.  The plaintiff contends that these defendants made an affirmative decision to withhold the arraignment paperwork for the plaintiff until he was released from the hospital, thereby delaying his arraignment and requiring him to remain a prisoner, handcuffed to a bed railing with his legs shackled, until his release from the hospital on January 3.   This was direct participation in the constitutional violation by each of the defendants.

A defendant who fails to act when required to do so may be liable for the denial of a constitutionally protected liberty if his failure to act was a substantial factor leading to the loss of that right.  *Doe v. New York City Department of Social Services*, 649 F.2d 134 (2d Cir. 1981).  Personal involvement can be shown by nonfeasance as well as by misfeasance. (See, e.g., *D'Olimpio v. Crisafi*, 718 F.Supp.2d 340, 347 (S.D.N.Y. 2010); *Thomas v. Calero*, 824 F. Supp.2d 488, 506

14

(S.D.N.Y. 2011), analyzing the standards for supervisory liability enunciated in *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).)  For example, personal involvement includes a police officer's failure to perform his duty to intervene to protect the constitutional rights of a citizen from infringement. *Anderson v. Branen*. 17 F.3d 552, 557 (2d Cir. 1994); *Noga v. City of Schenectady Police Officers,* 169 F.Supp.2d 83, 88 (N.D.N.Y. 2001).

In *Doe v. New York City Department of Social Services*, *supra*, the Second Circuit Court of Appeals held (649 F.2d 134, at 141):

> Government officials may be held liable under §1983 for a failure to do what is required as well as for overt activity which is unlawful and harmful. [Citations omitted.] * * * When individuals are placed in custody or under the care of the government, their governmental custodians are sometimes charged with affirmative duties, the nonfeasance of which may violate the constitution. * * *

Here plaintiff Stephen Vinson alleges that the defendants failed to perform a duty with which they were charged by the New York City Police Department: to deliver documents in their possession to the court clerk so that a bedside hospital arraignment could be scheduled.  It was the responsibility of each of these defendants to deliver the "arraignment package" to the court clerk and the failure of each of these defendants to do so violated Mr. Vinson's right to a prompt arraignment. The plaintiff also alleges that withholding the paperwork was an affirmative decision on the part of the defendants.  The only reason Mr. Vinson was not arraigned in the hospital between December 28 and January 3 is that these defendants withheld the arraignment paperwork from the court clerk. The plaintiff therefore states a valid claim against these defendants both for violation of his Fourth Amendment right to be free of unreasonable seizures and his Fourteenth Amendment right to due process of law.

The defendants' reliance on *Walker v. City of New York*, 2014 WL 12652345 (E.D.N.Y.

2014) is misplaced.  In *Walker* the claim of delay in detention against the arresting officer was dismissed because the arresting officer's sole involvement with the plaintiff was the arrest of the plaintiff, providing information to the assistant district attorney, and signing the criminal complaint. There was no evidence that the arresting officer had participated in any way in the detention.  Here, by contrast, the defendants were personally involved in causing the delay in arraignment by withholding the necessary paperwork from the court clerk.

**Point V:      The Defendants Also Are Responsible for Their Grossly Negligent Supervision of Subordinates and Their Deliberate Indifference to the Rights of the Plaintiff.**

The plaintiff's Complaint in this action alleges that the defendants had supervisory roles in the Brooklyn Borough Court Section during the time the plaintiff was a prisoner in Lutheran Medical Center.  (Complaint, Mbabazi Decl., Exh. A, ¶¶8, 10 and 12.)  In *Colon v. Coughlin*, 58 F.3d 865 (2d Cir. 1995), the Second Circuit Court of Appeals detailed the circumstances under which a supervisor is personally involved in the denial of a constitutional right under 42 U.S.C. §1983:

> * * * The personal involvement of a supervisory defendant may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring. [Citation omitted.]

(58 F.3d 865 at 873); *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013); *Burhans v. Lopez*, 24 F.Supp.3d 375, 381 (S.D.N.Y. 2014); *Thomas v. Calero*, 824 F.Supp.2d 488, 506 (S.D.N.Y. 2011); *Simons v. State of New York*, 472 F.Supp.2d 253, 266 (N.D.N.Y. 2007.

The plaintiff's allegation that the defendants affirmatively participated in the decision to

withhold the arraignment documents from the court clerk satisfies the first criteria. The failure of both the commanding officer and the Borough Court Section Liaison to review documents and information relating to prisoners awaiting arraignment and to ensure that the arraignment documents for a hospitalized prisoner were forwarded to the court clerk to schedule an arraignment, as they were required to do by their employer (New York City Police Department Patrol Guide Procedure 210-05, Bellin Decl., Exh. 1), would establish both gross negligence in the supervision of their subordinates and deliberate indifference to the rights of the plaintiff. *Allen v. City of New York*, 2007 WL 24796 at *17 (S.D.N.Y. 2007); *Simons v. State of New York*, 472 F.Supp. 253, 266-267 (N.D.N.Y. 2007).

Furthermore, defendant Michael Delaney personally checked on the plaintiff's status on at least two occasions but failed to forward the arraignment package to the court clerk so that a hospital arraignment could be scheduled. (On Line Processing record, Bellin Decl., Exh. 7, at p. 4 of 4.)

The foregoing demonstrates that there is more than adequate basis to establish the defendants' personal involvement in the delay in plaintiff Stephen Vinson's arraignment.

**Point VI        The Defendants Are Not Entitled to Qualified Immunity Because the Rule Requiring Prompt Arraignment Was Clearly Established at the Time They Delayed Plaintiff Stephen Vinson's Arraignment.**

Qualified immunity does not shield a government actor if the official knew or reasonably should have known that the action he took would violate the constitutional rights of the plaintiff. *Harlow v. Fitzgerald,* 457 U.S. 800, 815 (1982) (quoting and applying more generally the standard adopted for school board members in *Wood v. Strickland,* 420 U.S. 308, 322 (1975)). Where an official could be expected to know that certain conduct would violate statutory or constitutional rights, the official should hesitate to act; and a person who suffers injury caused by such conduct has a cause of action. *Harlow*, 457 U.S. 800, 819. A police officer is entitled to qualified immunity

17

only where "(1) his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, or (2) it was 'objectively reasonable' for him to believe that his actions were lawful at the time of the challenged act." *Cerrone v. Brown,* 246 F.3d 194, 199 (2d Cir. 2001). "A right is clearly established if (1) the law is defined with reasonable clarity, (2) the Supreme Court or the Second Circuit has recognized the right, and (3) 'a reasonable defendant [would] have understood from the existing law that [his] conduct was unlawful'" *Allen v. City of New York,* 2007 WL 24796 at *11, quoting *Anderson v. Recore,* 317 F.3d 194, 197. It is not necessary to show that the very action in question has been held unlawful to defeat qualified immunity. *Anderson v. Creighton,* 483 U.S. 635, 640 (1987).

The defendants argue that they are entitled to qualified immunity because there was no clearly established right to a hospital arraignment at the time they withheld plaintiff Stephen Vinson's paperwork from the court clerk. This argument is specious. The right to a prompt arraignment following a warrantless arrest was clearly established at the time defendants William Tobin, Matthew Spano and Michael Delaney decided to withhold the arraignment paperwork from the court clerk and to delay the plaintiff's arraignment until he was released from the hospital. *Gerstein v. Pugh,* 420 U.S. 103, 112 (1975); *County of Riverside v. McLaughlin,* 500 U.S. 44, 47 (1991); *Brim v. City of New York,* 2015 WL 3433676 at *3 (E.D.N.Y. 2015); *Middleton v, City of New York,* 2006 WL 1720400 *9 (E.D.N.Y. 2006). Mr. Vinson was entitled to a prompt arraignment no matter where he was being detained. Furthermore, the defendants were obligated to follow the instructions in the Patrol Guide designed to ensure that a hospitalized prisoner's right to a prompt arraignment was secured. When they failed to perform this responsibility, they knowingly violated Mr. Vinson's Fourth Amendment right to a prompt judicial review of his warrantless arrest.

18

**Point VII**      **Plaintiff Stephen Vinson Properly Instituted a Separate Action Against New Defendants Sued for Their Separate Acts in Causing a Delay in the Plaintiff's Arraignment.**

The identities and roles of the defendants in this action were not disclosed to the plaintiff until the very end of discovery in the first action, and shortly before the Statute of Limitations was about to expire. It is safe to conclude, from defense counsel's position in this motion, that the defendants would not have consented to amendment of the Complaint in the first action. A briefing schedule for a motion to amend the Complaint in that action would have run past the statute of limitations, making such a motion fruitless. Due to the looming expiration of the Statute of Limitations and an intervening holiday, it was more expedient to initiate a new action against these newly discovered parties than to seek leave to amend the complaint in the first action. The first action was brought against the arresting officers and the City of New York based on the actions of those police officers in arresting and prosecuting Mr. Vinson. The delay in arraignment claim in that action is based on the actions of the arresting officers. The second action is based on the misconduct of different defendants for delaying the plaintiff's arraignment by withholding the necessary paperwork in their possession. Thus, neither the defendants nor the basis of liability in this action are the same as those in the first action. Consequently, the complaints are not duplicative.

Thus, in *Fido's Fences, Inc. V. Radio Systems Corp.*, 99 F.Supp.2d 442, 454 (E.D.N.Y. 2014) the court observed that:

> Although ordinarily we expect a plaintiff to bring all its related claims in a single lawsuit, no  Federal Rule of Civil Procedure required plaintiff to move for leave to amend rather than file a new complaint. * * * (99 F.Supp.2d 442, 454.)

Furthermore, the Second Circuit Court of Appeals has ruled that even denial of a motion to amend the complaint in a pending action – something that did not happen here – does not require

19

dismissal where claims are brought against a new defendant. *Northern Assurance Company of America v. Square D Company*, 201 F.3d 84 (2d Cir. 2000). And even the City of New York has instituted a second suit against the same party on the basis of similar allegations. (See *The City of New York v. Fedex Ground Package Sustem, Inc.*, 2016 WL 1532252 (S.D.N.Y. 2016).)

It was with these authorities as guidance that plaintiff's counsel elected to institute a separate action against defendants Tobin, Spano and Delaney.

Certainly the plaintiff cannot be faulted for instituting a new action against parties whose identities were unknown at the time deadlines were established in this case and were not disclosed until both the discovery deadline and the Statute of Limitations were expiring.

## CONCLUSION

The foregoing makes clear that the plaintiff instituted a separate action in good faith and that the claims asserted against the defendants in the second action have a sound basis in law and fact. Consequently, the defendants' motion to dismiss should be denied in all respects. If the Court concludes that the facts set forth above are not adequately reflected in the Complaint in this action, the plaintiff should be granted leave to file an Amended Complaint.

Dated: New York, New York
    May 19, 2017

Respectfully submitted,

Michelstein & Associates, PLLC
Attorneys for Plaintiffs

By:_____
     Eugene M. Bellin (EB0722)

20

To:    Deborah Mbabazi, Esq.
        Zachary W. Carter, Esq.
        Corporation Counsel of the City of New York
        Attorney for Defendants
        100 Church Street
        New York, New York 10007